NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: UNIVERSAL ELECTRONICS, INC.,**
*Appellant*

---

2022-1757

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 14/282,785.

---

Decided: June 14, 2023

---

JAMES J. LUKAS, JR., Greenberg Traurig, P.A., Chicago, IL, argued for appellant Universal Electronics, Inc. Also represented by BENJAMIN GILFORD, GARY R. JAROSIK, MATTHEW J. LEVINSTEIN.

OMAR FAROOQ AMIN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Katherine K. Vidal. Also represented by MAI-TRANG DUC DANG, THOMAS W. KRAUSE, ROBERT MCBRIDE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Universal Electronics, Inc. filed U.S. Patent Application No. 14/282,785, claiming priority to 2006. After Universal cancelled a number of claims, the assigned examiner in the U.S. Patent and Trademark Office rejected all the remaining claims (claims 1 and 12–16) for obviousness, under 35 U.S.C. § 103 (pre-2011 version), in light of three prior-art references: Gardner (U.S. Patent Pub. No. 2008/0319852), Hu (U.S. Patent Pub. No. 2013/0304817), and Drayson (U.S. Patent Pub. No. 2013/0276010). The Patent Trial and Appeal Board affirmed the examiner's rejections. Universal timely appeals. We have jurisdiction. 28 U.S.C. § 1295(a)(4)(A); 35 U.S.C. § 141(a). We affirm.

The '785 application describes and claims methods for displaying advertising content. As relevant to the limited issues on appeal here, claim 1, which the parties agree is representative, requires "a device" and a "second app installed on the device . . . [that] function[s] to display the advertising content as an overlay" to content being streamed on a display. J.A. 15.

The key prior-art reference, Hu, describes "[a] method of operation of a content delivery system" that can perform a variety of functions, including overlaying an advertisement over content streamed on a display. J.A. 1265; J.A. 1281–82, ¶¶ 163–65. Hu teaches a "first device," "second device," and "third device" that are components of its content delivery system. Hu also teaches that a part of its content delivery system is an "overlay module," which is a part of Hu's "content module," that can function to overlay advertisements on a display. As the Director explains, and as Universal does not dispute, the "sole dispute as to whether the prior art combination teaches the limitations of claim 1 turns on whether Hu teaches placing overlay module 722 on third device 108." Director's Response Br. at 30.

The Board, affirming the examiner, found that Hu does teach placing the overlay module on the third device. J.A.

5; *see* J.A. 931; J.A. 1026–28. What Hu teaches is a question of fact. *See, e.g., Henny Penny Corp. v. Frymaster LLC*, 938 F.3d 1324, 1331 (Fed. Cir. 2019). Under the substantial-evidence standard of review, we must affirm the finding of what Hu teaches if that finding is reasonable. *Id.* at 1330.

The reading of Hu adopted by the examiner and the Board is reasonable. As the examiner explained, Hu teaches that the third device itself can include "a third control unit," which can "execute[] a third software" that "provides the intelligence of the content delivery system 100." J.A. 1026 (citing J.A. 1278, ¶ 116). The examiner reasoned that this intelligence includes overlaying, performed by the overlay module as part of the intelligence that can be on the third device. J.A. 1026–27. The Board affirmed those findings. J.A. 5. This is a reasonable reading of Hu.

We reject Universal's argument that a separate passage in Hu suggests otherwise. Although Hu provides that the content module, which includes the overlay module, can be implemented "in the first device 102 or the second device 106," J.A. 1284, ¶ 199, nowhere does Hu state that it cannot be installed on the third device, and ¶ 116 of Hu is reasonably understood to indicate that it can be so installed. *See* J.A. 1278, ¶ 116; J.A. 1270 (Fig. 7); *see* J.A. 5. Nothing in Hu contradicts the Board's finding that Hu suggests that the overlay module can be installed on the third device. The Board's finding therefore is supported by substantial evidence. *See Bradium Technologies LLC v. Iancu*, 923 F.3d 1032, 1049 (Fed. Cir. 2019) (explaining that prior art "must be considered not only for what it expressly teaches, but also for what it fairly suggests" (quoting *In re Baird*, 16 F.3d 380, 383 (Fed. Cir. 1994))).

Besides disputing the Board's finding about Hu just discussed, Universal faults the Board for not identifying a motivation to combine Hu with Gardner. But the examiner found such a motivation, reflecting a suggestion made in

Gardner, *see* J.A. 931, and when appealing to the Board, Universal did not challenge that finding in its opening brief, *see* J.A. 1001–09, thus depriving the examiner of notice that such an issue had to be addressed in the examiner's answer filed with the Board. The contention is therefore forfeited. *See* 37 C.F.R. § 41.37(c)(iv). We see no basis to disregard the forfeiture.

We have considered Universal's remaining arguments, which we find unconvincing. For the foregoing reasons, we affirm the Board's decision affirming the examiner's rejection of pending claims 1 and 12–16 as unpatentable.

**AFFIRMED**